UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-136-GWU

JACKIE R. DOOLIN,                                          PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

**INTRODUCTION**

The plaintiff brought this action to obtain judicial review of an administrative

denial of her application for Supplemental Security Income (SSI).  The appeal is

currently before the court on cross-motions for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.    Is the claimant currently engaged in substantial gainful activity?
      If yes, the claimant is not disabled.  If no, proceed to Step 2.
      See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical
      or mental impairment(s)?  If yes, proceed to Step 3.  If no, the
      claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any
      impairment(s) significantly limiting the claimant's physical or
      mental ability to do basic work activities?  If yes, proceed to
      Step 4.  If no, the claimant is not disabled.  See 20 C.F.R.
      404.1520(c), 404.1521, 416.920(c), 461.921.

1

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.   See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  See 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  <u>Garner</u>, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  <u>Cf. Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1)

3

whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

08-136  Jackie R. Doolin

to afford or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  <u>Id.</u> at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  <u>E.g.</u>, <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

08-136  Jackie R. Doolin

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

6

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The plaintiff, Jackie R. Doolin, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of chronic post traumatic stress disorder and chronic cervical, thoracic, and lumbar strains. (Tr. 14). Nevertheless, based in part on the testimony of a Vocational Expert (VE), the ALJ determined that Mrs. Doolin retained the residual functional capacity to perform a significant number of jobs existing in the economy, and therefore was not entitled to benefits. (Tr. 19-22). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ asked the VE whether the plaintiff, a 52-year-old woman with an eighth grade education and work experience as a housekeeper and cashier/checker, could perform any jobs if she were limited to "medium" level exertion and also had the following non-exertional limitations. (Tr. 225). She: (1) could not climb ladders, ropes, scaffolds, ramps, or stairs; (2) could occasionally stoop and crouch; (3) could have no contact with the public; (4) would

7

08-136  Jackie R. Doolin

be restricted to low stress, simple, one- and two-step instructions; (5) would have a "severely limited but not precluded" ability to deal with coworkers and supervisors; and (6) would have a "limited but satisfactory" ability to deal with stress.  The VE responded that there were jobs that such a person could perform, and proceeded to give the numbers in which they existed in the state and national economies.  (Tr. 226-7).

On appeal, this court must determine whether the hypothetical factors selected by the ALJ are supported by substantial evidence, and that they fairly depict the plaintiff's condition.

The plaintiff alleged disability due to a variety of physical problems, along with depression and nervousness.  (Tr. 56-7).  Her main argument on appeal is that the ALJ's choice of hypothetical mental restrictions did not reflect the evidence.  The court agrees.

The plaintiff had no recent mental health treatment, noting that doctors would not see her due to lack of money.  (Tr. 207).[1]  The only mental health examiner from the relevant time period following her alleged onset date of February 15, 2004 was Consultative Psychologist Crystal Sahner, who evaluated Mrs. Doolin on March 28, 2006.  (Tr. 126).  The plaintiff gave a history of severe child abuse by an uncle,

---

[1] She stated that her recent personal problems included divorce from an abusive husband and homelessness.  (Tr. 207, 213).

marrying at age 14 to get away from home, and having two abusive husbands.  (Tr. 127).  She had quit her last job as a cashier because of nervousness being around people.  (Id.).  She described intrusive thoughts and images about abuse, and said she was highly physical reactive to noise, which would cause her to start crying.  (Tr. 128).  Her feelings were easily hurt even though she tried hard for them not to be, and she would become frustrated about her inability to do things that she was unable to do.  (Id.).

Dr. Sahner found Mrs. Doolin's recent and remote memory to be intact, but she had a restricted and anxious affect, was somewhat slow at understanding instructions and had a somewhat impoverished fund of information.  (Tr. 130). The psychologist estimated that Mrs. Doolin had a low average intellectual functioning, and felt that her level of anxiety likely interfered with her performance on the Rey 15-Item Task, which was in the range associated with malingering; however, Dr. Sahner felt that she had exerted maximal effort.  (Tr. 131).  She added that the plaintiff's coping skills were deficient, and diagnosed chronic post traumatic stress disorder and a suspected mathematics learning disorder.  (Id.).  In terms of functional restrictions, Dr. Sahner opined that the plaintiff would have an adequate ability to understand, remember, and carry out simple, repetitive tasks, but would have a "markedly affected" ability to interact appropriately with fellow workers and supervisors and a "markedly affected" ability to tolerate the stress and pressure of

day-to-day employment in a workplace setting, especially in noisy environments with "multi stimuli." (Tr. 132-3). Her ability to sustain attention and concentration to perform simple, repetitive tasks was adequate if she was by herself. (Tr. 133).

State agency psychologists Jay Athy and Edward Stodola subsequently reviewed the evidence and stated that they gave only partial weight to Dr. Sahner because her medical opinions were more severe than could be supported by objective clinical evidence. (Tr. 142). They both concluded that Mrs. Doolin would have a "moderately limited" ability to maintain attention and concentration for extended periods, to work in coordination with or proximity to others without being distracted by them, to complete a normal workday and workweek without interruptions from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, to interact appropriately with the general public, to get along with coworkers or peers without distracting them or exhibiting behavioral extremes, and to respond appropriately to changes in the work setting. (Tr. 140-2, 144-6). They felt that she retained the mental capacity to perform simple, repetitive tasks in a simple, routine setting where social interaction was minimal. (Id.).

The ALJ discounted Mrs. Doolin's complaints of depression and nervousness, in part, because of her lack of formal mental health treatment, as well as the fact that she had not required emergency room care. (Tr. 20-1). The Sixth

08-136  Jackie R. Doolin

Circuit has cautioned that lack of mental health treatment should not be a determinative factor in questions of credibility, however, noting that it is a poor practice to chastise an individual with a mental health problem for lack of diligence in seeking treatment.  <u>Blankenship v. Bowen</u>, 874 F.2d 1116, 1124 (6th Cir. 1989).

The hypothetical mental factors are not consistent either with Dr. Sahner's conclusions or the state agency reviewers.  The ALJ stated in his decision that he gave "appropriate" weight to Dr. Sahner's report as well as to the state agency rationales "which are overall consistent with Dr. Sahner's findings."  (Tr. 21).  The restriction to a "severely limited but not precluded" ability to deal with fellow workers and supervisors in the hypothetical question is reasonably consistent with Dr. Sahner's indication that the plaintiff would be "markedly affected" in this area, but the restriction to a "limited but satisfactory" ability to deal with work stresses is certainly not consistent with Dr. Sahner's indication that this area, too, would be "markedly affected."  While the ALJ was not bound to follow Dr. Sahner's restrictions as a one-time examiner, in view of the fact that the state agency reviewers had access to her report and commented that they did not believe it was fully supported by the evidence, the hypothetical factors are still not consistent with some of the limitations found by Drs. Athy and Stodola, including the limitation on completing a normal workday and workweek without interruptions from psychologically-based symptoms and performing at a consistent pace without an

11

08-136  Jackie R. Doolin

unreasonable number and length of rest periods.  Nor did the ALJ explain the weight given to the state agency opinions, as required by 20 C.F.R. § 416.927(f)(2) (2008).  Therefore, a remand will be required for further development of the plaintiff's mental restrictions.

For the reasons stated in the Commissioner's brief at pp. 13-14, the plaintiff's argument regarding her age at the time of the decision is without merit.

This the 18th day of February, 2009.

Signed By:

*G. Wix Unthank*

**United States Senior Judge**